UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS SPEARMAN,

    Plaintiff,

v.

MICHIGAN, STATE OF, et al.,

    Defendants.
                                   /

Case No. 17-12200

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 8, 2017 REPORT AND RECOMMENDATION [31]

Before the Court is the magistrate judge's November 8, 2017 report and recommendation (docket 31) on Defendants' motion to transfer venue (dkt. 29). The magistrate judge recommends that the Court grant Defendants' motion and transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1406(a) and 1391(b). Plaintiff filed objections to the report and recommendation.[1] (Dkt. 34.)

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[1] On November 8, 2017, the same date the magistrate judge entered the report and recommendation, Plaintiff filed a response to Defendants' motion to change venue in which Plaintiff noted certain reasons he had initially filed in the Eastern District of Michigan, and requested that the case be transferred to the Western District. (Dkt. 32 at 2, ¶ 4.) Due to the timing of this submission, it does not appear to have been considered in the report and recommendation, and it appears that Plaintiff now seeks to maintain venue in the Eastern District of Michigan.

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The Court is fully advised in the premises and has reviewed the record and the pleadings. The Court agrees with the magistrate judge's recommendation.

With respect to Plaintiff's first objection, that the magistrate judge's report and recommendation failed to mention that he "also filed this lawsuit under the Religious Land Use and Institutionalized Persons Act 42 U.S.C. § 2000cc" the magistrate judge's report and recommendation addresses the issue of venue and does not otherwise dispose of specific claims raised in Plaintiff's amended complaint. (Objection Number 1, dkt. 34.) Plaintiff also objects that the "[Unknown] Members of the Chaplaincy Advisory Council" have not been named in the caption or discussion of Defendants in the report and recommendation. (Objection Number 2, dkt. 34.)  The magistrate judge did not err in failing to consider these "unknown" members in its venue analysis.[2]

In objection number 3, Plaintiff objects to the magistrate judge's statement that

> [T]he State of Michigan is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *Accord, E.g. Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). The State of Michigan, therefore, is not subject to Plaintiff's suit in this or any other district, and naming it as a defendant will not shield Plaintiff's suit from Defendants' venue challenge.

(Report and Recommendation 2, dkt. 31.) Plaintiff objects "to the dismissal of the State of Michigan as a Defendant in this case" and argues that the State "can be named in a lawsuit under 42 U.S.C. § 2000cc-5(4)(A) for injunctive relief," asking that the State of Michigan and the Michigan Department of Corrections "be reinstated as proper defendants in this case." (Objection Number 3, dkt. 34.) Plaintiff argues that "if the State of Michigan and

---

[2] The Court also notes that the magistrate judge has twice ordered Plaintiff to provide addresses for serving Defendants in this matter. (Dkt. 17, 19.)

Michigan Department of Corrections are named as proper defendants in this case, venue would then be proper in any district, and thus there would be no need to transfer the case." (Dkt. 34 at 5.) Yet the magistrate's statement merely identifies the issue that it is at least questionable whether any claims will remain against the State of Michigan, which has not yet been served with process, and its departments. As with Plaintiff's first two objections, they are beyond the scope of the magistrate judge's report and recommendation, which addresses the issue of venue.

With the exception of the State of Michigan and Michigan Department of Corrections (MDOC), all of the identified Defendants are located in the Western District of Michigan. The Court has discretion, in the interest of justice, to "transfer such case to any district or division in which it could have been brought," in this instance, the Western District of Michigan. *See* 28 U.S.C. § 1406(a). A district court "has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). With the exception of the state and MDOC, all other named Defendants are residents of the Western District of Michigan, and the alleged events or omissions that give rise to Plaintiff's claims occurred in the Western District of Michigan. For these reasons, the Court finds that it is in the interest of justice to transfer the case to the Western District of Michigan.

The Court therefore ACCEPTS and ADOPTS the magistrate judge's report and recommendation (dkt. 31).

Accordingly, it is ORDERED that the Clerk of the Court shall transfer the case to the United States District Court for the Western District of Michigan.

So ordered.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: February 6, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and Plaintiff on February 6, 2018, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager